IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,  )
    Respondent,  )
      )
      )
-VS-  )
      ) DOCKET NO:. 97-CR-11-2.
      ) CIVIL NUMBER:.........
CESAR ROBERTO CASTRO-GOMEZ,  )
    Petitioner-Defendant,  )
      )
**********************************)

MOTION TO VACATE, SET ASIDE OR CORRECT AN ILLEGAL
SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255 AND
MEMORANDUM OF LAW.

    Petitioner, CESAR ROBERTO CASTRO-GOMEZ, by and through himself, most respectfully moves pursuant to 28 U.S.C. Section 2255 to vacate, set aside or correct the illegal sentence imposed in this matter and as grounds states:

    1.    Petitioner was denied the effective assistance of counsels in violation of the Sixth Amendment to the United States Constitution.

    2.    Petitioner Castro-Gomez was denied fair trial by the trial Court in violation of the Due Process Clause of the United States Constitution.

    THEREFORE, the undersigned petitioner respectfully requests that this Court schedule and conduct an evidentiary hearing in this matter and upon conclusion of the evidentiary hearing to grant a new trial or discharge defendant from illegal custody.

A.                    STATEMENT OF THE CASE.

On August 6, 2001, defendant Cesar Robert Castro-Gomez was haled to the Court for trial. Defendant stood up and told the Court that he had not prepared the case with newly appointed trial counsel Mr. Jose QuetGlas ; that trial counsel had not prepared and had not heard all the facts of the case directly from defendant. Defendant further told the Court that trial defense or strategy has not been communicated to the defendant or the prosecution.

Before the hearing of August 6, 2001, defendant had not received trial discovery from the any of the counsels.
While the issue of this defendant's failure to discuss and prepare the case for trial was going on, in the open Court, the trial Judge spotted " former plea counsel Ms. Lydia Lizarribar", sitting in the Court. There, and then, former plea attorney Lizarribar was appointed by the Court to join newly appointed trial counsel Jose QuetGlas for trial the next day. The next day, August 7, 2001.
Thereafter, the trial Court vindictively haled petitioner Cesar Roberto Castro-Gomez to trial on August 7, 2001.

I.   THE DEFICIENT AND PREJUDICE PRONGS OF STRICKLAND.

The analysis of the prejudice prongs of STRICKLAND V. WASHINGTON, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed. 674 (1984), to Mr. Cesar Roberto Castro-Gomez from counsels Quetglas and Lazarribar-Masini's incompetence is like performing an autopsy on a body that has fallen from an airplane without a parachute. Did that broken toe kill him? No. Did the bruises kill him. No. Did that crushed vertebrae kill him ? No. Did the concussion kill him. No. What killed him was that he had no parachute when he fell out of the plane. And Mr. Cesar Roberto Castro-Gomez had no lawyer when he defended against the federal indictment in a Jury trial, in a Conspiracy case.
So if each mistake or omission is isolated and analyzed separately, it may be impossible to say that any one of the serious mistakes or omissions prejudiced Mr. Castro-Gomez. It is the accumulated effect of the errors that led to the unjust result in this case.

And the result would have been different if Mr. Castro-Gomez had been represented by "prepared effective counsels".

## II. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSELS IN VIOLATION OF THE SIXTH AMENDMENT.

If ever the phrase " travesty of justice " applied in a case, it applies here in the case of Cesar Roberto Castro-Gomez. Lead trial counsel Jose QuetGlas' failure to investigate and prepare the case or consult with defendant Castro-Gomez for his side of the case prejudiced petitioner. Most importantly, counsel Jose QuetGlas' father's illness caused counsel's conduct to fall below any objective standard of reasonableness, as the record and files of this case amply show. DILLON V. DUCKWORTH, 751 F. 2d 895 ( 7th Cir. 1984).

Additionally, co-counsel and plea counsel Lydia Lizarribar's complete failure to move for continuance in order to prepare a defense, investigate or call witnesses seriously prejudiced petitioner Castro-Gomez at trial. In this trial setting, unprepared co-counsel Lizarribar's complete failure to subject the prosecution's case to a meaningful adversarial testing violated petitioner's Sixth Amendment right to the United States Constitution. See: UNITED STATES V. CRONIC, 466 U.S. 648, 104 S.Ct 2039 80 LEd.2d 657 ( 1984 ). See also, STRICKLAND V. WASHINGTON, 446 U.S. at 688, 104 S.Ct. at 2064-65 ( 1984 )( " Counsel's duty to investigate all leads to the merits of the case " ); ABA Standards for Criminal Justice 4-4.1, 4.54-4.55 ( 1980 ).

As the " evidence outside this record " and the files and record of this case reveal, trial counsels failed to perform professionally. Trial counsels failed to investigate the case or prepare a defense. Lead counsel QuetGlas met with petitioner twice before trial. Counsels never knew petitioner's defense

4.

until one or two days during trial. Counsels never investigated or interviewed any defense or prosecution's witnesses. Lead counsel Quetglas could not have made informed decision on how to cross-examine government's witnesses during trial when his defense " filed motion to interview government witnesses two (2) days during the trial of this cause ". Apparently, trial counsels could not have known the consequences of " LIFE " imprisonment in the penitentiary.

The most shocking error committed by counsels is that they never understood the basic concept of drug conspiracy.
The record in this case reveals that newly appointed counsel Mr. Quetglas and Ms. Lizarribar-Masini, Esq failed "repeatedly", to object to the prosecutor's demonstration, before the jury, the singlehanded murders committed by co-defendant Raul Palacios Diaz, including other despicable felonies committed by only governement Star witness, Diaz.
Worst yet, trial counsels never objected or called Side Bar to request that the presiding trial Judge stop acting as a co-interpreter to government star witness Raul Palacios Diaz. Moreover, trial counsels woefully failed to object to trial court's answers to the questions posed by trial counsel to government star witness Raul P. Diaz, all actions by the trial court were offensive to the concept of fair trial.

This record reveals that the murder testimonies which only government witness Diaz committed was used in part to convict this petitioner when the prejudicial effects of Diaz's testimonies are thoughtfully reviewed.

Counsel's cross-examination is a rambling tirade about the Star government's lack of credibility. Counsel advised his unprepared client to testify at trial. The transcript reveals that petitioner was not prepared to testify. Also the transcript reveals that petitioner's testimony does not help resolve any of the issues, and that counsels' lack of preparation reflected on the petitioner's attempt to explain, to the petit jury his duress defense and most especially his State Of Mind which counsels did not investigate or bring to the attention of the trial Court.

Counsels did not file any motions to suppress the evidence due to the violations of petitioner's Fourth Amendment Rights upon arrest by the Coast Guard. Trial counsels did not bring up the numerous prosecutorial misconduct at trial or on Appeal of this case before the First Circuit Court Of Appeals.
Seriously put, counsels did not put the prosecution to its burden of proof at trial and on Appeal.
Appellate counsel never perfected all Appellate issues and never raised all colorable issues on Appeal of this cause.

The cumulative effect of these failings was to deny petitioner effective assistance of counsel at trial and on Appeal.

III.    THE UNPROFESSIONAL CONDUCT OF TRIAL COUNSELS PREJUDICED PETITIONER CASTRO-GOMEZ.

If this Honorable Court determines that the prejudice prong of STRICKLAND is not met by the evidence in the record and the record evidence to be submitted in the form of Exhibits and testimonies, then petitioner Castro-Gomez most respectfully requests that this Court schedule and conducr an evidentiary hearing. Petitioner would expect to produce evidence as noted above of trial counsels constructive denial of Sixth Amendment right of the undersigned. Petitioner would also produce evidence of trial counsel QuetGlas' father's illness that affected trial counsel's ability to perform professionally.

Petitioner would also expect to produce evidence that trial counsels' failure to adequately prepare a defense for trial, their failure to consult with this defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution did not merit shackling a man for "Life", in the United States' penitentiary. See: STRICKLAND V. WASHINGTON, 466 U.S. at 688. Mr. Castro-Gomez shall prove in this proceeding that there was a reasonable probability- a probability sufficient to undermine confidence in the outcome of the case-- that but for his counsels' unprofessional conduct, the verdict of this case would have been different.

## CONCLUSION.

In COLLIER V. TURPIN, 155 F. 3d 1277, 1297 ( 11th Cir. 1998), and other authorities to be submitted in short order, the Eleventh Circuit recently confirmed the basic tenet contained

in STRICKLAND: " The ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case, the Court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results. " STRICKLAND, 466 U.S. at 696. Justice was not done at petitioner Castro-Gomez's trial ; justice can right that prejudicial wrong by granting this Writ.

DATED: This 17th day Of February 2005.

Most Respectfully Submitted,

*[signature]*
**********************************
CESAR ROBERTO CASTRO-GOMEZ
# 08903-016 ; A-A
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 699
ESTILL, SOUTH CAROLINA 29918-0699.

CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that copies of the foregoing Writ Of Habeas Corpus were served this February 17, 2005, by the U.S. Mail at Federal Correctional Institution and mailed to:

    The Honorable Clerk Of the Court
    United States District Court
        Office of the clerk
    Federal Building
    150 Federico Degetau Federal Building
    Carlos Chardon Avenue
    Hato Rey, Puerto Rico 00918-1767.

    Office Of the United States Attorney
    District Of Puerto Rico
    Federal Office Buiding, Room 452
    150 Carlos E. Chardon Avenue
    Hato Rey, Puerto Rico 00918.

This 17th day of February 2005.

                            Respectfully Submitted,

                            ********************************
                            CESAR ROBERTO CASTRO-GOMEZ.