IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT COURT OF PUERTO RICO

UNITED STATES OF AMERICA,
     Respondent,        )
                            )
                            )
-VS-                   )   DOCKET NUMBER: 97-CR-11-2.
                            )
                            )   CIVIL NUMBER: 05-1257(PG):
CESAR ROBERTO CASTRO-GOMEZ,   )
     Movant-Petitioner,     )   MOVANT CONSENTS TO MAGISTRATE
                            )   JUDGE'S REVIEW OF THIS WRIT OF
                            )   HABEAS CORPUS.
*******************************)

AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT AN
ILLEGAL CONVICTION AND SENTENCE PURSUANT TO 28
U.S.C. SECTION 2255 AND MEMORANDUM OF LAW.

Movant-Petitioner, CESAR ROBERTO CASTRO-GOMEZ, by and

through his legal assistant as provided in JOHNSON V. AVERY,

393 U.S. 483, 21 LED.2D 718, 89 S.CT. 747 ( 1969 ), hereby

moves pursuant to 28 United States Code, Section 2255 to vacate,

set aside, or correct the illegal " life sentence ", imposed

in this case.

Movant Cesar Roberto Castro-Gomez, shows his trial counsels

deficiencies at all stages of this case are numerous.

They are as follows:

    1.      Failure to move for continuance;

2.      Failure to consult adequately with a defendant

facing " life sentence " in the penitentiary;

3.      Failure to investigate and prepare for trial;

4.      Failure to retain defense private psychiatrist

and failure to investigate Castro-Gomez's Mental and Emotio-

nal Conditions;

5.      Trial counsels deprived petitioner of psychia-

tric or psychological examination ordered by the trial Court

in violation of 18 U.S.C. Section 4244(b), in violation of

petitioner's fair trial under Due Process Clause and in

violation of Defendant's Sixth Amendment Rights to the United

States Constitution;

6.      Failure to challenge and object to the admissi-

bility of government star witness Raul Palacious-Diaz's

single handed bad acts and his plea of guilty which were

brought to the attention of the petit jurors;

7.      Failure to interview and call critical defense

witness, Mr. Marcelino Perez-Soto, who would have corroborated

Defense counsels' decision to call Petitioner
to testify without considering defendant's mental defect,
without preparing him for the testimony was deficient
performance;

9.     Comments about Petitioner's state of mind made
by defense counsel Lydia Lazzirribar-Masini, amounted to
deficient performance;

10.     Failure of Lead Trial Counsel Jose F. Quetglas
to prepare and be present at sentencing amounted to deficient
performance;

11.     Failure to request that a new PSI be prepared
and failure to object to Section 4B1.1 before sentencing was
deficient performance as the government alluded to on pages
26 and 27 of its Appellate Brief;

12.     Failure to raise or preserve meritorous issues
during appellate proceeding was deficient performance;

13.     The cumulative impact of multiple deficiencies
in defense counsels' performance prejudiced the defense.

3.

## MEMORANDUM OF LAW.

A.      Petitioner, proceeding pro-se, filed a motion

pursuant to 28 U.S.C. Section 2255 on February 22, 2005.(DOC.432).

Although phrased as separate errors, all claims raised relate

to one single, overriding constitutional error: That petitioner

Castro-Gomez was denied effective assistance of counsel at all

phases of his trial. Based on this amended petition and the

previous petition and Affidavit, including his Exhibits and

other all potential evidence to be introduced, the prosecutor

will not oppose the vacation of the conviction and sentence or

at least an evidentiary hearing on the issue of lead trial

counsel's abandonment of the penalty phase of the trial and

all counsels constructive denial of counsels. SEE: 18 U.S.C.

Section 4244(b) and (c). See also STICKLAND V. WASHINGTON 466

U.S. 668, 80 L.ED. 2D 674, 104 S.Ct. 2052 ( May 14, 1984 ).

Petitioner is awaiting all Affidavits to be further introduced

before this Honorable Court.

4.

STATEMENT OF THE CASE.

B.      Legal assistant to the undersigned pro-se litigant,

as provided in JOHNSON V. AVERY, 393 U.S. 483, 21 LED. 2D 718

( 1969 ), supra has reviewed the following materials which are

pertinent to the issues raised in this pleading:

1. Petitioner's motion of February 17, 2005, including

Affidavit of Cesar Roberto Castro-Gomez, and Section 2255

forms, in which the undersigned listed Constructive Denial

Of Counsels at all stages of the trial.

2. Petitioner Castro-Gomez's Exhibit A, showing trial

Court's Order ordering psychiatric examination of Cesar

Roberto Castro-Gomez before trial.

3. The Statement of Lydia Lizarribar-Masini naming the

mental status of Castro-Gomez, herein denominated as

Exhibit B.

4. Petitioner Cesar Roberto Castro-Gomez's Exhibit C,

showing evidence of prejudicial differences between Castro-

GOmez and Lead trial counsel Jose F. Quetglas. Attorney

5.

Jose F. Quetglas failed to consult with petitioner for his side

of the case, according to the records. Lead counsel Quetglas

refused to interview defense witnesses called at trial and woe-

fully failed to interview or subpoenoe defense critical witne-

ses who could have confirmed petitioner's mental defect defense.

    5.    The August 9, 2001, motion filed " too late ", and

without interview of the witness for the production of Elliot

Garcia Agosto, herein denominated as Exhibit D.

    6.    The August 7, 2001, late filing of Notice Of Duress

Defense by Court appointed attorney Lydia Lizarribar-Masini,

denominated as Exhibit E.

    7.    The August 9, 2001, late Order during trial to

the Warden at MDC Guayanabo to produce Elliot G. Agosto's

body herein styled Petitioner's Exhibit F.

    8.    The August 6, 2001, motion to seal by AUSA Aixa

Maldonado-Quinones, received by Castro-Gomez on February 23,

2005, and denominated as Composite Exhibit G.

    9.    The August 14, 2001, " Sealed Document " in vault

6.

by the prosecutor and hereat denominated as Exhibit H, which

was received on February 23, 2005.

10.      The March 22, 2005, Supplemental Affidavit Of

Cesar Roberto Castro-Gomez, denominated as Exhibit I.

11.      Petitioner Cesar Roberto Castro-Gomez's Exhibit J.,

showing government's Appellate Brief pages 26 and 27, wherein

the Prosecutor was lecturing Appellate and Lead trial Counsel

for woeful failure to object to U.S.S.G. Section 4B1.1. enhance-

ment; which counsel lately decided to argue on Appeal.

12.      The April 23, 1997, Motion by Cesar Roberto Castro-

Gomez requesting authorization to retain expert Service to

retain a forensic " Psychiatric And A Forensic Psychiatrist and

a Neuropharmacologist" herein denominated herein denominated

as Exhibit K.

13.      The January 21, 1997, Notice that because of

Defendant Castro's mental defect, he became confused so much so

that he started using drugs inside MDC Guyanabo- Detension

Center, and was very sick. Defendant was to be sent to an

institution in the Continental U.S.A. to be evaluated. Exhibit L.

7.

14.     The May 19, 1997, ( Doc. 52 ) Order as to Cesar

Roberto Castro-Gomez, granting ( 48-1) motion for mental

examination. USM to transfer Defendant to BURTNER FEDERAL

MENTAL EXAMINATION, in order to determine defendant's mental

competency, et cetera, as stated herein. ( Signed by Judge Juan

M. Perez-Giminez, entered on 5-22-1997, and herein denominated

as Exhibit M.

15.     The August 28th 2003, Appellate Brief of Appellee,

United States, herein submitted as pages 26,27,28,29,30,31 and

page 34, and denominated as Exhibit N.

16.     Four Volumes of Trial Transcripts.

17.     The 1997 Presentence Investigation Report.

18.     The Appellate Briefs of the Parties.

19.     The August 7, 2001, late Motion to reconsider

the production for defense trial Mr. Elliot Garcia Agosto,

Exhibit O.

20.     Denial as to Elliot Garcia Agosto's production

herein denominated as Exhibit P.

8.

## BACKGROUND.

C.    The Civil Case Number in this Section 2255 proceed-

ing is 05-1257(PG). As at the filing of this Amended Petition,

the Habeas Corpus Magistrate Judge has not issued Order To Show

Cause why petitioner is not entitled to the relief requested.

Consequently, the prosecutor has not filed a Responsive Pleading

to the undersigned Section 2255 Motion, and Petitioner invokes

Federal Rule Of Civil Procedure Rule 15(a).

## FACTS.

D.    On August 6, 2001, petitioner told the trial Court

that his new lead counsel Mr. Jose F. Quetglas had not heard

his side of the case for the purposes of trial. Petitioner

moved for continuance " so that he could confer adequately with

with lead trial counsel Mr. Jose F. Quetglas."

Instead of granting a continuance for purposes of adequate

consultation with lead trial counsel, for interview of defense

witnesses, for decision of Defense at Trial and for appriopriate

list of defense witnesses, the Trial Court continued the trial

since counsel said nothing about the continuance.

The trial court saw former plea counsel Lizarribar-Masini and
instantly appointed her to join the defense team for trial the
next day. Ms. Lizarribar did not prepare for trial and she sat
for trial the next day. She started filing pre-trial motions
as the trial progressed from August 7, 2001, as the records and
files of the case as attached herein show. Appointed counsels
Lizarribar and Queglas knew of the Court's Order for psychiatric
examination but did not do anything about it. Counsel Lizarribar
knew that petitioner's wife was worried about petitioner's
mental health problems before arrest. Additionally, former counsel
Lizarribar knew that petitioner's mental health problems led him
to start using drugs while incarcerated at MDC Guyanabo, federal
detension center in Puerto-Rico. Since newly appointed counsel
Quetglas did not conduct any investigation, nothing was done.

        Petitioner's witnesses were not interviewed before or during
trial as noted above. Petitioner himself was not prepared by his
trial counsels before he was put on stand for his trial testimony.
Petitioner's counsels did not object to the presentence investi-
gation report, and additionally did not object to the prosecution's

                                    10.

enhancement under U.S.S.G. Section 4B1.1, as the prosecutor

argued in her Appellate Brief at pages 26 through 31.

Trial counsels did not file motion to suppress due to the Custom's

violation of petitioner's Fourth Amendment Right.

The government refers to the record on Appeal when it cited

to the trial transcripts. Because the Docket Sheet for this

Court maintains the original docketing, the transcripts will

be referred to by the District court Docket number, Volume

number and page number in this amended motion.

The government's statement of facts on Appeal are erroneous

on two(2) serious grounds. The government did not note that the

Court Ordered Psychiatric Examination of petitioner Castro-Gomez.

Moreover, the government failed to note that Castro-Gomez noti-

fied the trial Court that he has not met with lead trial counsel

for his side of the facts of the case. That no preparation was

made and that no witness was interviwed in order to establish

petitioner's mental illness and the threats received from

Santiago, the architect of the case in chief.

11.

PETITIONER CASTRO-GOMEZ ADDRESSES THOSE COUNSELS'
DEFICIENCIES THAT THIS COURT SHOULD FIND TO HAVE BEEN
CLEARLY BELOW AN OBJECTIVE STANDARD OF REASONABLENESS.

F.    FAILURE TO MOVE FOR CONTINUANCE ON AUGUST 6, 2001.

As noted in the statement of the case, on August 6, 2001,
petitioner notified the trial Court that he had not discussed
the case with newly appointed attorney Jose Quetglas. Petitio-
ner requested trial Court to postpone the trial scheduled for
August 7, 2001, so that he could adequately consult with newly
Court appointed attorney Quetglas. The trial Court did not post-
pone the trial. Instead, the trial Court noticed former Court
appointed plea attorney Lydia Lazirribar-Masini in the Courtroom,
and instantly appointed her " for trial the next day". Also, new-
ly Court appointed counsel for trial Lazirribar did not prepare
for trial.

None of the two(2) attorneys appointed for trial of August
7, 2001, moved for continuance, in order to consult with petitio-
ner for trial purposes. Beginning from August 7, 2001 to August
13, 2001, when the trial ended, none of the trial attorneys
conferred with petitioner for the purposes of trial.

12.

Instead, and as the Exhibits attached herein verify, newly

Court appointed counsels embarked on filing pre-trial motions

as the trial moved on. Please see Exhibits D, E, F, and others.

Had newly lead Court appointed counsel Quetglas moved for

continuance for the trial, he could have relied on petitioner's

mental defect as a defense at trial. Had newly Court appointed

attorney for trial Ms. Lizarribar moved for continuance, she

could have interviewed Marcelino Perez who could have corrobo-

rated the unresearched defense of Duress. Worst yet, Ms. Liza-

rribar may or may not have related petitioner's mental defect

to newly Court appointed counsel Quetglas. The failure to move

for continuace to file motions counsels started filing while

the trial was in progress prejudiced this petitioner. So, also

is the failure to interview witnesses and failure to effect

Court Ordered mental evaluation. Had the mental evaluation been

conducted, trial counsels would have relied on valid defense of

mental defect as the Court rightly Ordered.

G.    FAILURE TO CONSULT ADEQUATELY WITH A DEFENDANT
FACING LIFE SENTENCE IN THE PENITENTIARY.

Petitioner asserts that newly Court appointed lead counsel

Jose F. Quetglas saw him two(2) times. On the first day, counsel

introduced himself as newly appointed trial counsel. Counsel

spent about two(2) minutes. He discussed nothing about the

case and told petitioner he would be back. On the second visit,

counsel again was in a hurry to leave. He told petitioner that

the trial will begin on or about August 6, 2001, and that he

would return before the 6th of August 2001, to discuss the case.

He asked petitioner whether he intends to call witnesses.

Petitioner said certainly. Counsel was given names and addresses

of defense witnesses for interview. However, trial counsel never

returned to discuss the case with petitioner, never intervewed

any defense witnesses even those who appeared at trial to

testify, and lead trial counsel never wrote petitioner a single

letter to announce his trial strategies. Petitioner next saw

counsel in the Courtroom on August 6, 2001. The trial started

on August 7, 2001, and the undersigned petitioner never saw a

single government discovery in his own case.

14.

H.    FAILURE TO INVESTIGATE AND PREPARE ADEQUATELY
      FOR FEDERAL TRIAL.

Upon receiving the names, addreses and telephone numbers

of potential witnesses, lead trial counsel Quetglas failed to

interview the witnesses. Also, co-counsel Lydia Lazirribar

did not interview both witnesses that testified at trial and

those who could not testify even though their testimonies

were needed to corroborate a valid defense of mental defect,

and Duress defense. For example, trial counsels did not visit

or interview Marcelino Perez-Soto who introduced petitioner

Castro-Gomez to Santiago.

Trial counsels failed to interview Mario Duran and Ms. Colon

before they testified at the trial of the undersigned.

Additionally, trial counsels did not interview or make any

attempt to talk to any government witness.

Had counsels investigated or prepared for trial,a critical

witness named Marcelino Perez-Soto would have confirmed counsels'

Duress defense. And further could have known Duran's testimony.

Most importantly, counsels failure to interview Colon or retain

expert psychiatric person, deprived petitioner of this defense.

I.      FAILURE TO INVESTIGATE CASTRO-GOMEZ'S MENTAL AND
        EMOTIONAL CONDITION.

Lead counsel Quetglas failed to study or review the Docket

Sheet or obtain discovery. Had counsel discussed the case with

petitioner or studied the files and record of the case, counsel

Quetglas would have learnt about petitioner's mental condition

or seen the Judge's Order regarding the need to evaluate the

petitioner's mental status to assure of the petitioner's com-

petency to stand trial.

Most importantly, trial counsel failed to investigate or retain

defense psychiatrists in order to investigate substantial

evidence of mental and emotional problems in front of them.

        J.

                TRIAL COUNSELS DEPRIVED PETITIONER CASTRO-GOMEZ OF
                PSYCHIATRIC AND PSYCHOLOGICAL EXAMINATION AS ORDERED BY
                THE TRIAL COURT IN VIOLATION OF 18 U.S.C. SECTION
                4244(b) AND IN VIOLATION OF FAIR TRIAL UNDER THE DUE
                PROCESS CLAUSE AND THE SIXTH AMENDMENT TO THE
                CONSTITUTION OF THE UNITED STATES.

A close observation of the Docket Sheet, reveals on page...

DOC(    ), that the trial court was correct to have Ordered the

Examination and/or Evaluation of defendant Castro-Gomez's

psychiatric and psychological status. The trial Court issued the

Order to transport Castro-Gomez to Butner Mental Institution

due to the need to evaluate petitioner for Mental Defect. For

example, this record reveals that Castro-Gomez's Mental Pro-

blem was clear so much so that his wife called the probation

officer to take Castro-Gomez in custody. A very hard thing

for a wife to do, according to ineffective counsel Lizarribar.

Before his arrest, petitioner was not in control of his

thoughts. Other people controlled his thoughts because of his

State of Mind.

Because of the evidence of his mental defect and upon being

incarcerated, the trial Court Ordered psychiatric and emotio-

nal examination at FCI Butner Medical Institution at Butner

North Carolina. See: Exhibit M, supra. However, former plea

attorney Lydia Lizarribar-Masini, single handedly and without

expert opinion and " Family Permission ", " Blocked " Petitio-

ner's right to be certified fit to stand trial. As at the

time of filing of this motion, petitioner is still disturbed,

almost five years after trial.

K.

PETITIONER ADOPTS HIS STATEMENT OF CASE TO ISSUES 7,8,9
10,11 AND 12.

The enumerated omissions, acts and other conduct of counsels

on pages 2 and 3 of this amended petition, under denial of

effective assistant of counsel and styled issues 7,8,9,10,11

and 12 are reaffirmed as statement of case and each paragraph

of his statements of his case in the original and amended peti-

tion herein is incorporated by reference.

The crux of petitioner's claims are: " The failure of

counsels to adhere to the trial Court's Order regarding mental

evaluation of Castro-Gomez in violations of Due Process Of Law

and Sixth Amendment to the United States Constitution."

Moreover, the failure of counsels to interview and uncover

the facts from petitioner Castro-Gomez's family, witnesses,

and MDC Guyanabo officials in order to uncover his mental status

before and after petitioner's incarceration denied petitioner

effective assistance of counsel. Seriously put, the records

before counsels confirm petitioner's mental problems before and

during this petitioner's incarceration.

STATEMENT ON EVIDENTIARY HEARING.

Petitioner Castro-Gomez states facts to the issues above
and incrporated with his original petition, which if true,
would establish a right to relief. Consequently, he is enti-
tled to an evidentiary hearing. BIRT V. MONTGOMERY, 725 F.2d
587, 591 ( 11th Cir. 1984 ) Cert.Denied, 469 U.S. 874 ( 1984 ).
See also, BERTHOFF V. UNITED STATES, 140 F.Supp.2d 50 ( D. Mass
2001 ). The issues before the Court is whether the petitioner
suffered constructive denial of counsel when his counsels
failed in the above acts, omissions and conduct listed herein
and in the original petition. Given the serious implications
of the above issues before this Honorable Court, the Court
should fashion out relief or schedule an evidentiary hearing
to permit petitioner to call his witnesses including his
former defense counsels. Petitioner Castro-Gomez will demons-
trate further that he met the two prongs of STRICKLAND.

19.

## CONCLUSION.

The issues for determination by the Court are whether
the Court will require an evidentiary hearing on all of the
above issues or part of the issues or whether the Court is
satisfied from the records attached herein and those to
be turned over to the Court during the evidentiary hearing
that counsels' performance were constitutionally defective.
When the Court grants an evidentiary hearing, the issue will
be whether the evidence herein and others to be introduced
upon submission by the undersigned's investigators satisfy
the two-pronged test of STRICKLAND V. WASHINGTON, 466 U.S.
688 ( 1984 ).

Seriously put, Castro-Gomez's Due Process and Sixth Amend-
ment Rights were violated when his attorneys failed to ensure
that the Court's Order for evaluation to determine competence
to stand trial was effected.

THEREFORE, the motion to vacate, set aside, or correct
conviction and sentence of Cesar Roberto Castro-Gomez should
be granted as to all grounds.

RESPECTFULLY SUBMITTED,

*CESAR*ROBERTO*CASTRO-GOMEZ
CESAR ROBERTO CASTRO-GOMEZ.

20.

CERTIFICATE OF SERVICE.

I , CESAR ROBERTO CASTRO-GOMEZ, hereby certify that on

4th day of April 2005, the foregoing AMENDED MOTION TO VACATE

was mailed two copies to the Clerk Of the Court and one copy

to the U.S. Attorneys Office , by depositing said copies in

the FCI ESTILL PRISON, U.S. Postal Service, Certified Mail,

with adequate postage affixed thereon on to insure their

delivery as foolows:

        The Honorable Clerk Of the Court
        ATTENTION: MICHAEL MCDOUGALL GOTAY, Honorable Deputy Clerk
                   United States District Court
                   District Of Puerto Rico
                   Federal Building
                   Carlos Chardon Avenue, Room 150
                   San Juan, Puerto, Rico 00918-1767.

        ATTENTION: United States Attorneys Office
                   District Of Puerto, Rico
                   Federal Building
                   150 Carlos Chardon Avenue
                   San Juan, Puerto Rico 00918-1767.

This 4th day of April 2005.

                              Most Respectfully Submitted,

                              ************************************
                              CESAR ROBERTO CASTRO-GOMEZ
                              # 08903-016; AA 225
                              FEDERAL CORRECTIONAL INSTITUTION
                              POST OFFICE BOX 699
                              ESTILL, SOUTH CAROLINA 29918-0699.

                    21.