CM/ECF LIVE - U.S. District Court for the District of Puerto Rico - Docket Report     Page 5 of 18
Case 3:97-cr-00011-PG     Document 435-2     Filed 07/12/2005     Page 1 of 22
EXHIBIT "A"

| | | informed that a superseding indictment will add 5 to 6 new defts. Deft Castro has been using drugs inside MDC and is very sick. Deft is to be sent to an institution in the continental U.S.A. to be evaluated. As soon as the superseding indictment is returned, another S/C will be set. ( Judge Juan M. Perez-Gimenez ) (mr) (Entered: 05/20/1997) |
|---|---|---|
| 05/19/1997 | 52 | ORDER as to Cesar Roberto Castro-Gomez granting [48-1] motion for mental examination. USM to transfer deft to Butner Federal Correctional Facility in order to determine deft's mental compentency, etc., as stated herein ( Signed by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 05/22/1997) |
| 05/19/1997 | | ENDORSED ORDER as to Cesar Roberto Castro-Gomez granting [48-1] motion req authorization to retain expert svcs ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 05/22/1997) |
| 06/26/1997 | 56 | COPY of ORDER entered in Cr. 97-098(HL) continuing deft Jose Daniel Cruz Aponte's jury trial date. The Govt has informed that it req consolidation of that case with Cr. 97-11(PG) by filing a superseding indictment, etc., as stated herein ( Signed by Judge Hector M. Laffitte ) (mr) (Entered: 07/02/1997) |
| 07/02/1997 | 57 | MOTION by Cesar Roberto Castro-Gomez to w/draw the req to have deft examined and to vacate the order of 5/19/97 (mr) (Entered: 07/03/1997) |
| 07/07/1997 | | ENDORSED ORDER as to Cesar Roberto Castro-Gomez granting [57-1] motion to w/draw the req to have deft examined and to vacate the order of 5/19/97 as to Cesar Roberto Castro-Gomez (2) ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 07/08/1997) |
| 08/19/1997 | 58 | Minute entry as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto :, set Status Conference for 9:00 8/22/97 for Raul O. Palacios-Diaz, for Cesar Roberto Castro-Gomez, for Marcelino Perez-Soto before Judge Juan M. Perez-Gimenez ( Judge Juan M. Perez-Gimenez ) (il) (Entered: 08/21/1997) |
| 08/22/1997 | 59 | Minute entry as to all defts: 6th S/C held. Gvmt inf that they need at least 2 weeks to seek a superseding indictment in this case, which would add new defts and new cnts. Cnsl suggest that another S/C be held after the supersiding indictment is filed and arraignments held. set Change of Plea Deadline for 9/5/97 for Raul O. Palacios-Diaz, for Cesar Roberto Castro-Gomez, for Marcelino Perez-Soto ( Judge Juan M. Perez-Gimenez ) (su) (Entered: 08/27/1997) |
| 08/26/1997 | | **Address labels only (li) (Entered: 08/26/1997) |
| 09/11/1997 | | Documents #61-64 referred to Chief Deputy for placing in Vault. (mr) Modified on 09/11/1997 (Entered: 09/11/1997) |
| 11/12/1997 | 68 | MOTION by USA as to Cesar Roberto Castro-Gomez, Marcelino Perez-Soto to Seal Document(s) (mr) (Entered: 11/21/1997) |
| 11/12/1997 | 69 | SUPERSEDING INDICTMENT as to Cesar Roberto Castro-Gomez (2) count(s) 1s, 3s, 4s, Marcelino Perez-Soto (3) count(s) 1s, 3s, 4s , Sealed |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 97-0011(PG) |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CESAR CASTRO- GOMEZ | * | |
| | * | |
| Defendant | * | |

### DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM IN REGARDS TO INMATE ELLIOT GARCIA AGOSTO

**TO THE HONORABLE JUDGE:**

COMES NOW, the defendant, Cesar Castro Gomez, through his court appointed counsel and respectfully alleges and prays:

1.    Defendant Cesar Castro Gomez requests that the Court order Warden MDC Guaynabo to produce the body of Elliot Garcia Agosto, who is incarcerated in MDC Guaynabo facility. Petitioner requests that the Corrections Administration be ordered FORTHWITH[1] to bring the body of Mr. Elliot Garcia Agosto to appear in the United States District Court for the District of Puerto Rico, in the courtroom of the Honorable Juan Perez-Giménez, on August 10th , 2001, to testify in the above-mentioned case.

WHEREFORE, Cesar Castro Gomez  respectfully requests that the Court issue an order, FORTHWITH.

---

[1]

The undersigned was informed that "FORTHWITH" must appear in any Order issued so as to overcome the 21-day notice requirement.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**:      I hereby certify that an exact copy of this Motion has been sent to the U.S. Attorney's Office, Federal Building, Room 452, Hato Rey, Puerto Rico  00918.

In San Juan, Puerto Rico, this 9th day of August, 2001.

LYDIA LIZARRIBAR-MASINI
USDC 124301
14 O'NEILL ST. SUITE A
HATO REY, PR   00918
TEL. 250-7505 FAX. 758-4512

Exhibit "11"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 97-0011(PG) |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CESAR CASTRO- GOMEZ | * | |
| | * | |
| Defendant | * | |

*Con amor*
*de*
*tu Lolita Labson*   15/8/2001

## NOTICE OF DEFENSE OF DURESS

**TO THE HONORABLE COURT:**

**COMES NOW** the above named defendant Cesar Castro Gomez, by his undersigned attorney and very respectfully states and prays:

1.    Defendant hereby gives written notice [1] that he will rely on the defense of duress.

2.    A jury instruction as to defense of duress is hereby submitted.

**WHEREFORE**, it is respectfully requested that the Court and the government take notice of the above.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:**     I hereby certify that an exact copy of this Motion has been sent to the U.S. Attorney's Office, Federal Building, Room 452, Hato Rey, Puerto Rico  00918.

In San Juan, Puerto Rico this 7th day of August, 2001.

LYDIA LIZARRIBAR-MASINI, ESQ.
USDC 124301
14 O'NEILL STREET, SUITE A
HATO REY, PUERTO RICO  00918
TEL. 250-7505 FAX. 758-4518

---

[1]

Counsel Jose Quetglas informed Court for the record during proceedings of August 6, 2001 that defense would present evidence

Exhibit "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 97-0011(PG) |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CESAR CASTRO- GOMEZ | * | |
| | * | |
| Defendant | * | |

## MOTION FOR RECONSIDERATION OF DENIAL OF INSURANCE OF HABEAS CORPUS AD TESTIFICANDUM AS TO ELLIOT GARCIA AGOSTO

**TO THE HONORABLE COURT:**

**COMES NOW** the above named defendant Cesar Castro Gomez, by his undersigned attorney and very respectfully states and prays:

1. On August 6, 2001 defense counsel learned of the existence of two possible witness for the defense who were willing to testify at trial.

2. During proceedings held August 6, 2001 defense counsel Jose Quetlas advised the Court and the government that the defense needed to interview two inmates: Mario Duran Hernandez and Elliot Garcia Agosto.

3. Both potential witness; not cumulative and material witnesses to the defense of duress on which defendant intends to rely.

4. The Court granted time to interview potential witness Mario Duran Hernandez, presently incarcerated at the metropolitan Detention Center Guaynabo However, it denied the request for Habeas Corpus as to Elliot Garcia Agosto, a codefendant

in the instant cases which has already been sentenced and removed to a federal correctional facility in Yazoo City, Mississipi.

5.    Request for reconsideration is submitted for the following reasons:

    1.    The testimony of Elliot Garcia Agosto is not cumulative with that of Mario Duran Hernandez, if the Cost requires a proffer the is ready to do so, ex parte, for the record.

    2.    Both testimonies are necessary for defendant to establish the evidence necessary to support a finding of duress and therefore allow the defense to request such a defense instruction to be given to the jury.[1]

6.    This witness Garcia Agosto is out of the reach of the defense in the sense that he in under federal custody and besides the filing of the request for a writ of Habeas Corpus the defense has no other means to obtain his presence.

7.    The request for this witness is crucial to the presentation of Mr. Castro Gomez[1] defense; as the case is just commencing the Court may require the presence of this witness without any delay of the trial.

8.    A request for Habeas Corpus Ad Testificandum is filed attached.

**WHEREFORE**, it is respectfully requested that the Court reconsider it's denial and order that inmate Elliot Garcia Agosto be brought to this Court.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**:    I hereby certify that an exact copy of this Motion has been sent to the U.S. Attorney's Office, Federal Building, Room 452, Hato Rey, Puerto Rico  00918.

---

[1].    U.S. v. Lloyd Arthurs 73F3d444 (1st Cir. 1996)

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**:    I hereby certify that an exact copy of this Motion

has been sent to the U.S. Attorney's Office, Federal Building, Room 452, Hato Rey, Puerto

Rico  00918.

In San Juan, Puerto Rico, this 9th  day of August, 2001.

LYDIA LIZARRIBAR-MASINI
USDC 124301
14 O'NEILL ST. SUITE A
HATO REY, PR   00918
TEL. 250-7505 FAX. 758-4512

EXHIBIT "G"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

SEALED MATTER

CRIMINAL NO. 97-11 (PG)

## MOTION TO SEAL

**TO THE HONORABLE COURT:**

**COMES NOW** the United States through its attorneys, and very respectfully states, alleges and prays:

The attached envelope contains documents pertaining to the above-captioned case. Disclosure of the information contained in the documents would interfere in an ongoing criminal investigation.

After due consideration, the United States of America respectfully requests that the enclosed documents be kept under seal until further order of this Court.

**WHEREFORE** the United States of America respectfully prays the Court to grant its request.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6th day of August, 2001

> GUILLERMO GIL
> United States Attorney
>
> Aixa Maldonado-Quiñones
> Assistant United States Attorney
> Room 452, Federal Building
> 150 Carlos Chardón Ave.
> Hato Rey, Puerto Rico  00918
> Tel. 766-5656

s/c AUSA Maldonado
8/13/01

362

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


# SEALED


CASE NUMBER:      Cr. 97-11 (PG)

PLAINTIFF:        USA

DEFENDANT:        Cesar Castro-Gomez

DATE FILED:       8/6/01

THE DOCUMENT NUMBER LISTED BELOW IS LOCATED:

IN VAULT      8/14/01

ANOTHER CASE FILE

APPEALS SECTION

OTHER


DOCUMENT NO.:   363

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO
SAN JUAN PUERTO RICO

UNITED STATES OF AMERICA,
    Respondent,

-VS-

CESAR ROBERTO CASTRO-GOMEZ,
    Petitioner-Defendant,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

)
)
)
)  CIVIL NO:- 05-1257(PG).
)  DOCKET NO:-97-CR-11-2-
)
)  (PETITIONER CONSENTS TO
)     MAGISTRATE JUDGE'S
)     REVIEW OF THIS PETITION).
)
)

AFFIDAVIT.

STATE OF SOUTH CAROLINA   )
                                )   SS:
COUNTY OF HAMPTON          )

    I , CESAR ROBERTO CASTRO-GOMEZ, being duly sworn, states
as follows:

    1.     That my former attorney Lydia Lizarribar-Masini,
presented to the Court that my wife called the probation
officer regarding my state of mind before my arrest in 1997.

    2.     Your Affiant submits that his mental defects
started early in his life.

    3.     Affiant asserts that his former attorney Lydia
Lizarribar-Masini and the trial Court were aware of the
undersigned's significant drug use and sickness while in
custody in Guyanabo.

    4.     Your Affiant does not understand why the Court's
Order for petitioner's mental evaluations were not acted on.

5.      Your Affiant asserts that upon appointment of lead Trial Counsel Jose F. Quetglas, counsel Quetglas did not visit petitioner Castro-Gomez to discuss petitioner's mental condition, and that throughout lead counsel Quetglas' appearance at trial, trial counsel did not discuss the case with petitioner.

6.      Consequently, Lead Trial Counsel Jose F. Quetglas abandoned petitioner after the last day of trial . That lead trial attorney Quetglas failed to prepare and failed to appear at the undersigned's sentencing hearing where petitioner was shackled for life.

7.      Your Affiant submits that trial counsels did not prepare or research and investigate the defense of mental defect despite the evidence before them.
That trial counsels did not prepare or interview defense witnesses and failed to make any reasonable efforts to take statements from star witness Marcelino Perez-Soto, who knew petitioner's threats from Santiago, and was a critical defense witness as to petitioner's state of mind at the time he introduced petitioner to Luis Santiago-Rodriguez.

FURTHER AFFIANT SAYETH NAUGTH.
This 23rd day of March 2005.

Respectfully Submitted,

*************************************
CESAR ROBERTO CASTRO-GOMEZ.

2.

*************************************
CESAR ROBERTO CASTRO-GOMEZ.

ESTILL, SOUTH CAROLINA

March 23, 2005.


Sworn to and Subscribed before me .

This 24. day of March 2005.

*************************************
NOTARY PUBLIC OF SOUTH CAROLINA.
My Commission Expires:

My Commission Expires
Jan. 20, 2010

3.

26

## IV.   The District Court Did Not Err In Sentencing Appellant As A Career Offender Under U.S.S.G. § 4B1.1.

Castro argues for the first time on appeal that the district court erred in enhancing his sentence as a career offender under U.S.S.G. § 4B1.1. He alleges that the his five prior drug convictions were all related. Therefore, he did not have the requisite two predicate offenses in order to sentence him to mandatory life under § 4B1.1. He requests that his sentence be vacated and the case be remanded for resentencing. (Appellant's Brief, pp. 17-18)

The United States submits that appellant's argument is unavailing for the reasons stated below.

## Standard Of Review

This Court determines *de novo* the applicability of the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines") to a particular case. United States v. Gonzalez-Arimont, 268 F.3d 8, 14 (1st Cir. 2001). Factual determinations made by a district court at sentencing, which must be supported by a preponderance of the evidence, are reviewed for clear error. Id. "Under this standard, a district court's determination will be treated with deference and will be reversed only if, after reviewing all the evidence, [this Court is] . . . left with the definite and firm

conviction that a mistake has been committed. United States v. Rust, 976 F.2d 55, 57 (1st Cir. 1992)(internal quotation marks omitted).

If a defendant, however, fails to contest the alleged error at sentencing, this Court reviews it for plain error only. United States v. Down-Moses, 329 F.3d 253, 263 (1st Cir. 2003). "Accordingly, [the defendant] bears the burden of proving (1) an error, (2) that is plain, and 3)that affect substantial rights. Id. (citations omitted). Even if a defendant meets this burden, this Court "will only exercise its discretion to notice the error if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Johnson v. United States, 520 U.S. 461, 467 (1997).

## Argument

Sentencing Guidelines § 4B1.1 provides that a convicted criminal is a career offender for sentencing purposes if: 1) the criminal was at least eighteen years of age at the time of the instant offense; 2) the instant offense is a crime of violence or a controlled substance offense; and 3) the criminal has at least two prior felony convictions of either crimes of violence or controlled substance offenses. See U.S.S.G. § 4B1.1; United States v. Elwell, 984 F.2d 1289, 1294 (1st Cir. 1993).

The relevant terms for the career offender guideline are defined in U.S.S.G. § 4B1.2. "The term 'controlled substance' means any offense punishable under federal

Exhibit "K"

| | | Judge Juan M. Perez-Gimenez ) (mr) (Entered: 03/14/1997) |
|---|---|---|
| 03/27/1997 | 43 | RESPONSE by USA as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto re [41-1] motion for Discovery, [39-1] motion for Discovery and inspection, [38-1] motion in Limine concerning impeachment evidence, [37-1] motion for Discovery of Giglio materials, [36-1] motion for Government Agency to retain rough notes, [35-1] motion for Discovery regarding informant(s), [34-1] motion under Rule 12, [33-1] motion for Brady Material, [32-1] motion to request authorization to receive disclosure of juvenile records under the name of Raul Orlando Palacios-Diaz (R.O.P.D.), [31-1] motion for Discovery, [30-1] motion under Rule 12, [29-1] motion for 404(b) disclosure of evidence, [28-1] motion for Government Agency to retain rough notes (mr) (Entered: 03/31/1997) |
| 03/27/1997 | | **Added party Pretrial Services. (ni) (Entered: 12/09/1997) |
| 04/01/1997 | | ENDORSED ORDER as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto re [43-1] response to motions, Noted. as to Raul O. Palacios-Diaz (1), Cesar Roberto Castro-Gomez (2), Marcelino Perez-Soto (3) ( Entered by Judge Juan M. Perez-Gimenez ) (mr) (Entered: 04/03/1997) |
| 04/08/1997 | 46 | MINUTES of Setting as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto : set Status Conference for 8:30 4/16/97 for Raul O. Palacios-Diaz, for Cesar Roberto Castro-Gomez, for Marcelino Perez-Soto before Judge Juan M. Perez-Gimenez (mr) (Entered: 04/09/1997) |
| 04/16/1997 | | Status conference as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto held before Judge Juan M. Perez-Gimenez (mr) (Entered: 04/18/1997) |
| 04/16/1997 | 47 | Minute entry as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto : Second S/C held. Govt informed that the last discovery package was delivered today. Defts plan on filing several motions. set Status Conference for 9:00 5/16/97 for Raul O. Palacios-Diaz, for Cesar Roberto Castro-Gomez, for Marcelino Perez-Soto before Judge Juan M. Perez-Gimenez At that time, those defts who want to change their pleas, are to so notify the Court. Trial will be set in June for those who want to go to trial ( Judge Juan M. Perez-Gimenez ) (mr) (Entered: 04/18/1997) |
| 04/23/1997 | 48 | MOTION by Cesar Roberto Castro-Gomez to request authorization to retain expert svcs of a forensic psychiatrist and a neuropharmacologist (mr) Modified on 05/22/1997 (Entered: 04/24/1997) |
| 05/16/1997 | | Status conference as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto held before Judge Juan M. Perez-Gimenez (mr) (Entered: 05/20/1997) |
| 05/16/1997 | 51 | Minute entry as to Raul O. Palacios-Diaz, Cesar Roberto Castro-Gomez, Marcelino Perez-Soto : 3rd status conference called. The Court is |

Exhibit A

26

## IV.    The District Court Did Not Err In Sentencing Appellant As A Career Offender Under U.S.S.G. § 4B1.1.

Castro argues for the first time on appeal that the district court erred in enhancing his sentence as a career offender under U.S.S.G. § 4B1.1. He alleges that the his five prior drug convictions were all related. Therefore, he did not have the requisite two predicate offenses in order to sentence him to mandatory life under § 4B1.1. He requests that his sentence be vacated and the case be remanded for resentencing. (Appellant's Brief, pp. 17-18)

The United States submits that appellant's argument is unavailing for the reasons stated below.

## Standard Of Review

This Court determines *de novo* the applicability of the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines") to a particular case. United States v. Gonzalez-Arimont, 268 F.3d 8, 14 (1st Cir. 2001). Factual determinations made by a district court at sentencing, which must be supported by a preponderance of the evidence, are reviewed for clear error. Id. "Under this standard, a district court's determination will be treated with deference and will be reversed only if, after reviewing all the evidence, [this Court is] . . . left with the definite and firm

conviction that a mistake has been committed. <u>United States v. Rust</u>, 976 F.2d 55, 57 (1st Cir. 1992)(internal quotation marks omitted).

If a defendant, however, fails to contest the alleged error at sentencing, this Court reviews it for plain error only. <u>United States v. Down-Moses</u>, 329 F.3d 253, 263 (1st Cir. 2003). "Accordingly, [the defendant] bears the burden of proving (1) an error, (2) that is plain, and 3)that affect substantial rights. <u>Id</u>. (citations omitted). Even if a defendant meets this burden, this Court "will only exercise its discretion to notice the error if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" <u>Id</u>. (quoting <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997).

## Argument

Sentencing Guidelines § 4B1.1 provides that a convicted criminal is a career offender for sentencing purposes if: 1) the criminal was at least eighteen years of age at the time of the instant offense; 2) the instant offense is a crime of violence or a controlled substance offense; and 3) the criminal has at least two prior felony convictions of either crimes of violence or controlled substance offenses. See U.S.S.G. § 4B1.1; <u>United States v. Elwell</u>, 984 F.2d 1289, 1294 (1st Cir. 1993).

The relevant terms for the career offender guideline are defined in U.S.S.G. § 4B1.2. "The term 'controlled substance' means any offense punishable under federal

28

or state law, punishable by imprisonment exceeding one year that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . ." U.S.S.G. § 4B1.2(b). "The term 'two prior felony convictions' means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of a . . . controlled substance offense . . . and (B) the sentences for at least two of the aforementioned convictions are counted separately under the provisions of [U.S.S.G] § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c).

Castro appears to concede that: 1) he was 18 at the time of the instant offense; 2) the instant offense was a controlled substance offense; and 3) he had more than two prior felony convictions for controlled substances. However, he attacks part of third prong of the career offender classification. He argues that the prior convictions in 1986 and 1992 for controlled substance offenses were all related and should be counted as one under U.S.S.G. § 4B1.2(3).

Pursuant to U.S.S.G. § 4A1.2(a)(2), prior sentences in unrelated cases are separately counted. Prior sentences in related cases are treated as a single sentence for U.S.S.G. 4A1.1(a), (b), and (c) purposes. Section 4A1.2, comment. (n.3), of the U.S.S.G. states that prior sentences are not related if they are for offenses separated by an intervening arrest. Otherwise, prior sentences are related if they resulted from

offenses that occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

In this case, the Presentence Investigative Report (PSI) reflect at least two predicate offenses. Facts generally contained in a PSI are considered reliable evidence for sentencing purposes. United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993). The government can satisfy the burden of establishing the existence of a prior conviction used as a predicate offense for sentencing purposes by uncontroverted statements in the PSI. See United States v. Cordero, 42 F.3d 697, 701(1st Cir. 1994). Once it has carried this modest burden, the conviction is presumed valid for purposes of applying the sentencing guidelines. Id.

Here, the first relevant conviction involves a controlled substance offense. The PSI showed that on October 6, 1992, Castro was sentenced in the U.S. District Court for the District of Puerto Rico to a ten-year term of imprisonment. (PSI, p. 7). This conviction related to a conspiracy to possess with intent to distribute amounts of marijuana exceeding 1000 kilograms. Castro did not contest this conviction cited in the PSI at his sentencing hearing.

The second relevant conviction also involves a controlled substance offense. The PSI showed that on September 1, 1989, Castro was sentenced in the U.S. District Court for the District of Puerto Rico to a nine-year term of imprisonment. (PSI, p.

30

8). This conviction related to the importation of a 7000 grams of cocaine (PSI, p. 8). At sentencing, Castro did not contest this conviction cited in the PSI.

In the instant case, the record does not reflect that the two offenses were committed at the same occasion. There is also nothing in the record to suggest that the offenses were part of a single common scheme or plan. Finally the record reflects that the two cases were not consolidated for sentencing. (PSI, pp. 7-8). See United States v. McComber, 996 F.2d 946, 947 (8th Cir. 1993)(concurrent sentences imposed on the same day were not imposed in related cases where the occurred over a lengthy period of time, remained under separate docket numbers, and there was no consolidation order); United States v. Bryant, 991 F.2d 171, 178 (5th Cir. 1993)(Court should not assume that otherwise distinct cases involving concurrent sentences imposed on the same day were consolidated cases); United States v. Lopez, 961 F.2d 384 (2nd Cir. 1992)(concurrent sentences imposed on the same day by the same judge does not establish that the cases were consolidated and related).

Since Rivera had two convictions that qualified as predicate offenses for sentencing purposes under U.S.S.G. § 4B1.1, the district court did not error, clear or otherwise, in enhancing Castro's sentence under the career offender guideline. Therefore, the claim should be rejected.

31

Even if the district court had erred in its determination as to the two predicate convictions, the United States contends that Castro cannot show prejudice under the plain error standard. The district court had the discretion to sentence him to life because the amount of drugs was in excess of five kilograms of cocaine which results in a statutory maximum of up to "life" imprisonment under 21 U.S.C. § 841(b)(1). In addition, the district court could have sentenced Castro up to "life" imprisonment because the total base offense level was 40 with either a criminal history III or IV results in a guideline range of 360 months to life imprisonment.

Accordingly, the judgment of the district courts should be affirmed by this Court.

32

## CONCLUSION

For the above stated reasons and authorities cited herein, the contentions raised by appellant Cesar Castro Gomez should be rejected, and the judgment of the district court should be affirmed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of August, 2003.

**H. S. GARCIA**
**United States Attorney**

Sonia I. Torres
Assistant United States Attorney
Chief, Criminal Division

Thomas F. Klumper
Assistant United States Attorney
Torre Chardón, Room 1201
350 Carlos Chardón Street
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656